UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES BECOAT,

                                        Plaintiff

        v.

NEVADA DEPARTMENT OF
CORRECTIONS et al.,

                                        Defendants

Case No.  3:18-cv-00210-RCJ-CLB

ORDER

        This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner.  On February 28, 2020, the Court issued an order dismissing the amended complaint with leave to amend and directed Plaintiff to file a second amended complaint within thirty days.  (ECF No. 12 at 9).  In a follow-up order, the Court granted Plaintiff an extension until April 30, 2020, to file a second amended complaint.  (ECF No. 15).  The deadline has now expired, and Plaintiff has not filed a second amended complaint or otherwise responded to the Court's order.

        District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with

1    local rules).

2        In determining whether to dismiss an action for lack of prosecution, failure to obey

3    a court order, or failure to comply with local rules, the court must consider several factors:

4    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

5    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

6    disposition of cases on their merits; and (5) the availability of less drastic alternatives.

7    *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at

8    130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

9        Here, the Court finds that the first two factors, the public's interest in expeditiously

10   resolving this litigation and the Court's interest in managing the docket, weigh in favor of

11   dismissal.   The third factor, risk of prejudice to Defendants, also weighs in favor of

12   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

13   in filing a pleading ordered by the court or prosecuting an action.   *See Anderson v. Air*

14   *West*, 542 F.2d 522, 524 (9th Cir. 1976).   The fourth factor—public policy favoring

15   disposition of cases on their merits—is greatly outweighed by the factors in favor of

16   dismissal discussed herein.   Finally, a court's warning to a party that his failure to obey

17   the court's order will result in dismissal satisfies the "consideration of alternatives"

18   requirement.   *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779

19   F.2d at 1424.  The Court's order requiring Plaintiff to file a second amended complaint on

20   or before April 30, 2020, expressly stated: "It is further ordered that, if Plaintiff fails to

21   timely file his second amended complaint, the Court will dismiss this action, with

22   prejudice, for failure to state a claim." (ECF No. 15 at 2).   Thus, Plaintiff had adequate

23   warning that dismissal would result from his noncompliance with the Court's order to file

24   a second amended complaint on or before April 30, 2020.

25       It is therefore ordered that this action is dismissed with prejudice based on

26   Plaintiff's failure to file a second amended complaint in compliance with this Court's

27   February 28, 2020, and March 24, 2020, orders and for failure to state a claim.

28       It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 1) is

1  denied as moot.

2          It is further ordered that the Clerk of Court shall close the case and enter judgment

3  accordingly.

4

5          DATED THIS 8th day of July 2020.

6

7                                                            UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28